[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action intermarried in Istanbul, Turkey, on May 31, 1988.
The plaintiff and defendant have resided continuously in this state for one year next before the date of this complaint.
The plaintiff and defendant have two minor children issue of their marriage, Deniz Ozkan, born December 26, 1991, and Sima Ozkan, born September 24, 1993.
No other minor children have been born to the defendant wife since the date of the marriage.
Neither party is receiving any state aid or municipal assistance.
The parties have been experiencing marital difficulties for some time due to personality disputes and concerns by the parties for the appropriate care arrangements for the plaintiff's son, Adam, who was issue of the plaintiff's prior marriage.
The defendant, when she arrived in the United States, did not speak English, and until she was able to master the language, had very limited employment skills. CT Page 8890
As her language skills improved marginally, she accepted part-time employment as a cleaning employee for Abbot Terrace, earning between $300 and $400 per week. She resigned from her employment when she became pregnant with her son Deniz.
The plaintiff, Nihat Ozkan, has a son by a prior marriage, Adam Ozkan, who at present is 17 years old. Almost five years ago, the plaintiff obtained custody of this minor son. Adam Ozkan has neurological issues which result in behavioral disorders and temper related outbursts.
Problems developed when Adam moved permanently into the family home. After a period of time, the defendant objected to Adam being in the same household, and this created stress and disharmony among the parties. The plaintiff felt that the oldest boy was being discriminated against by his wife by her hostile treatment, and she complained that he was a disruption.
The parties were not able to work through the disagreement, and the boy Adam went to live with his grandmother. Subsequently, because of the continued hostility, the parties decided to separate.
The first separation occurred in 1995, but the parties were able to reconcile their differences and resumed their married life. However, hostilities over the constant help and attention to the needs of the plaintiff's oldest son (requiring plaintiff's special attention) emerged again; the defendant felt this interfered with their married life. Consequently, the parties separated again in 1997 and have since filed for divorce, and all attempts to reconcile have been unsuccessful.
The court finds:
That the marriage has broken down irretrievably and there is no prospect of reconciliation.
Accordingly, the court, after consideration of all the relevant statutory criteria, enters the following orders:
A dissolution of the marriage on the grounds of irretrievable breakdown.
Custody of the minor children, Deniz and Sima, is awarded jointly to the parties with physical residence with the defendant wife.
The plaintiff shall have reasonable rights of visitation, including alternate weekend overnight visitation and one day during the week from 5 P.M. to 8 P.M. CT Page 8891
In addition thereto, the plaintiff shall have two uninterrupted weeks of summer vacation. Exercise of said two weeks will be by consulting with the defendant and allowing for thirty days' notice to defendant of the date contemplated for the two weeks.
The court finds the parties have the following earning capacity:
The plaintiff is employed full time as an engineer by the Connecticut State Department of Transportation with a gross weekly wage of $1,152.00.
The defendant is employed as a bus monitor for Ryder Systems, Inc. and has gross wages of $167.50.
Defendant is not employed full time. However, she has been evaluated for employment potential and vocational assessment and has been found to be able to perform entry level, sedentary-to-medium duty work and that her employment opportunities appear to be average with an earning capacity of $300 to $400 per week gross wages (see Plaintiff's Exhibit 3), and the court so finds.
Child support for the minor children, Deniz and Sima, is ordered in the amount of $279 per week in accordance with the child support guidelines payable by plaintiff to defendant.
The court takes into account the plaintiff's obligation to support Adam Ozkan; however, because the child is of a prior marriage, the defendant has no reciprocal obligations for support for that child.
Periodic alimony is awarded to the defendant in the amount of $100 per week, payable by plaintiff to the defendant until the youngest child of the parties, Sima Ozkan, reaches age 19 or graduates from high school, whichever event occurs later. Said alimony is nonmodifiable as to duration only but will terminate upon the death of either party, remarriage of the defendant or cohabitation of defendant within the meaning of the statutes or Sima Ozkan reaching age 19.
In addition, the plaintiff is ordered to pay to the defendant wife the sum of $1 in the event the defendant is medically disabled and unable to work. Said award will terminate on the death of either party, remarriage of the defendant or cohabitation by the defendant within the meaning of the statutes.
Plaintiff is to provide medical insurance for the minor children through his employment. CT Page 8892
The plaintiff is to pay all the minor children's medical, dental, optical and orthodontia expenses. Once the defendant's weekly earnings exceed $300 per week gross, in that event, the unreimbursed medical, dental, optical and orthodontia expenses are ordered to be paid 45 percent by the defendant and 55 percent by the plaintiff.
The court finds the marital home to be of a value of $150,000 subject to a first mortgage of $70,000.
The plaintiff is ordered to quitclaim his interest in the family home to the defendant wife, subject to a mortgage to the plaintiff in the amount of $40,000, which mortgage is to be payable to the plaintiff upon the earlier of the following events: sale of the house, remarriage or death of the defendant, upon the minor child, Sima Ozkan, reaching age 19, or upon the minor children no longer occupying the home as their principal residence.
The defendant shall assume all of the mortgage payments, taxes and insurance on said residence and hold the plaintiff harmless therefore.
The plaintiff shall retain his interest in and to his deferred compensation plan with the Aetna, any IRA with the First Union Bank and his pension with the State of Connecticut, which the parties have listed as $41,846, as of October of 1999, free and clear of any claims of the defendant.
The personal property and furnishings in the family home are awarded to the defendant except that the guest room furnishings, together with the man's chest, or equivalent, from the bedroom is awarded to the plaintiff. In addition, the plaintiff is awarded the desk in the basement, table saw, palm sander and jigsaw and any other power tools or hand tools purchased by him.
Any joint checking or savings accounts of the parties are ordered equally divided.
The plaintiff is awarded the parties' 1992 Honda automobile, free and clear of all claims of the defendant. The defendant is awarded the 1994 Dodge Caravan, free and clear of all claims of the plaintiff.
Each of the parties shall be responsible for all loan payments, taxes, insurance and registrations on their respective automobiles and hold the other harmless therefore.
In addition, plaintiff shall obtain and/or maintain a $10,000 term life CT Page 8893 insurance policy with the defendant as primary beneficiary until the youngest minor child, Sima, reaches age 19.
Plaintiff shall maintain life insurance for the benefit of the three minor children in the maximum amount available through his place of employment or $100,000, whichever amount is less.
Plaintiff shall make available COBRA benefits for the defendant wife and shall pay for those benefits for one year only. The parties are ordered to pay individually all of the obligations listed on the parties' individual affidavits and hold the other harmless therefore.
The parties are ordered to share equally the 1997, 1998 and 1999 Income Tax refunds, if any.
Plaintiff is to return to defendant her diamond engagement ring.
The exemptions for the minor children, Deniz and Sima, are awarded to the plaintiff until such time as the defendant has gross earnings of $300 per week gross, at which time, if those gross earnings continue for at least one-half year, one exemption is allocated to the defendant.
BY THE COURT
 _______________________ Hon. Andre M. Kocay, J.